UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAUL MILLNER,

        Plaintiff

   v.                                                  C-1-08-841

SYSCO FOOD SERVICES OF
CINCINNATI, LLC,

        Defendant

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 46), plaintiffs' objections (doc. no. 48) and defendant's response (doc. no. 50). The Magistrate Judge concluded that there are no genuine issues of material fact in dispute and recommended that defendant's Motion for Summary Judgment (doc. no. 38) be granted and the case be closed.

2

Plaintiff objects to the Magistrate Judge's Report and Recommendation on the grounds that his findings are contrary to law and requests oral argument.  The legal and factual issues involved in this case are not complex and they have been fully briefed by the parties.  Pursuant to Rule 7.1 of the Local Rules of the United States District Court for the Southern District of Ohio, the Court, therefore, finds that oral argument is not necessary and plaintiff's request for same is DENIED.

I.

Plaintiff, Paul Millner, began working for Sysco Food Services of Cincinnati, LLC ("Sysco") in 1979.  In mid-2007, just one year prior to his termination, plaintiff earned a Lifetime Achievement Award for outstanding performance and dedicated service to Sysco.  Plaintiff also won a Merchandiser of the Month award in 2007.  In October 2007, plaintiff received the highest evaluation score of any Procurement Specialist – a rating of "Competent."

3

In October 2007, Jeff Nicholas became Sysco's Vice President of Merchandising. He set new goals for the Procurement Specialists beginning in 2008. Plaintiff began receiving a series of counselings and was ultimately terminated on June 4, 2008.

II.

Plaintiff objects to the Magistrate Judge's Report and Recommendation because the Magistrate Judge erred when he decided that plaintiff could not establish a *prima facie* case of age discrimination.

Specifically, plaintiff argues the Magistrate Judge erroneously held that plaintiff did not satisfy the fourth prong of the *prima facie* case because plaintiff established a genuine issue of fact as to whether he was replaced by a similarly situated, significantly younger employee, whether significantly younger employees with similar or worse performance records were treated more favorably than he was and the Magistrate Judge made impermissible inferences and findings of facts.

4

**Plaintiff agrees that in order to state a *prima facie* claim of age discrimination based upon circumstantial evidence, he needs to either establish that he was replaced by a younger employee or that similarly situated, significantly younger employees were treated differently.**

**The Magistrate Judge correctly found plaintiff was not replaced by a significantly younger employee, because one of the employees who assumed some of his duties after his termination was not significantly younger for purposes of the Age Discrimination in Employment Act ("ADEA"). Plaintiff was 58 years old when he was discharged in June 2008. Plaintiff's supervisor and another employee who was one year younger than plaintiff initially assumed his duties. Several months after plaintiff's termination, Sysco hired two employees who each assumed some of plaintiff's duties. "[W]here a plaintiff's job duties are divided and assigned to employees who were within the protected class and not significantly younger than the plaintiff and to one employee who**

5

was outside the protected class, there simply cannot be a finding that age was *the* motivating factor for termination, *Gross v. FBL Financial Services, Inc.*, __U.S.__, 129 S. Ct. 2343, 2351 n.4 (2009); *Hanebrink v. Brown Shoe Co.*, 110 F.3d 644, 646 (8th Cir. 1997) ("The fact that younger employees assumed some of [the plaintiff's] duties is insufficient by itself … to establish a *prima facie* case of age discrimination.")

The plaintiff identifies three younger employees he alleges received more favorable treatment. The Magistrate Judge correctly determined none of those employees is similarly situated to plaintiff as a matter of law. Plaintiff failed to adduce any evidence that any significantly younger employee who dealt with the same supervisor, was subjected to the same performance standards and engaged in the same conduct as plaintiff was treated differently.

The Magistrate Judge correctly found that a newly hired Procurement Specialist was not similarly situated to plaintiff because (1) that employee had been employed as a Procurement

6

Specialist for less than six months when plaintiff was terminated and therefore did not have and could not have had the same record of poor performance as plaintiff; (2) that employee had shown competence and improvement in job performance, while plaintiff had demonstrated poor performance during 2008; and (3) that employee had different job duties and performance goals than plaintiff.

Plaintiff claims that the Magistrate Judge failed to properly apply the "similarly situated analysis" set forth in *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 412 (6th Cir. 2008) and also faults the Magistrate Judge because he "did not point to any record evidence that any similarly situated employee had ever earned higher than a 'Needs Improvement' on any evaluation." Plaintiff's arguments are without merit and misleading because the Magistrate Judge found the employee in question was not similarly situated by looking to the relevant factors that courts are expressly required to examine in making a determination of whether an

7

alleged comparator is similarly situated. The comparator "must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Ercegovich v. Goodyear Tire and Rubber Co.*, 154 F.3d 344, 350 (6th Cir. 1998). "Differences in job title, responsibilities, experience, and work record can be used to determine whether two employees are similarly situated." *Leadbetter v. Gilley*, 385 F.3d 683, 691 (6th Cir. 2004) (quoting *Pierce v. Commonwealth Life Ins.*, 40 F.3d 796, 801 (6th Cir. 1994)). Here, the record is undisputed that plaintiff and the employee in question had different jobs, different supervisors, different responsibilities and that they were subjected to different standards and did not engage in similar conduct.

Even if plaintiff could establish a *prima facie* case of age discrimination, his age discrimination claims must be dismissed because Sysco's articulated legitimate, non-discriminatory reason

8

for terminating him was his failure to perform his job, not a pretext for age discrimination. Sysco had a legitimate justification for discharging plaintiff and he failed to identify any similarly situated, significantly younger employee who received better treatment. See, *Manzer v. Diamond Shamrock Chem. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994); *Majewski v. Automatic Data Processing, Inc.*, 274 F.3d 1106, 1117 (6th Cir. 2001).

III.

**CONCLUSION**

Upon a *de novo* review of the record, especially in light of plaintiff's objections, the Court finds that plaintiff's objections have either been adequately addressed and properly disposed of by the Magistrate Judge or present no particularized arguments that warrant further specific responses by this Court. The Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Magistrate Judge.

9

**Accordingly, the Court hereby ADOPTS the Report and Recommendation of the United States Magistrate Judge (doc. no. 46). Defendant's Motion for Summary Judgment (doc. no. 38) is GRANTED and this case is DISMISSED AND TERMINATED on the docket of this Court.**

**IT IS SO ORDERED.**

                                        **s/Herman J. Weber**
                              **Herman J. Weber, Senior Judge**
                              **United States District Court**